```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                              :
   FELIX CASTO,                               :
                           Plaintiff,         :
                                              :              23 Civ. 5836 (LGS)
              -against-                       :
                                              :                   ORDER
   BASIN SPORTS, INC.,                        :
                           Defendant.         :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an Order dated July 11, 2023, required the parties to file a proposed case management plan and joint letter by August 30, 2023, and scheduled an initial pretrial conference for September 6, 2023.

WHEREAS, the parties did not timely file a proposed case management plan or joint letter.

WHEREAS, an Order dated August 31, 2023, directed Plaintiff to file a status letter regarding its efforts to serve Defendant by September 1, 2023, and adjourned the initial pretrial conference to September 13, 2023.

WHEREAS, Plaintiff filed a letter dated September 4, 2023, requesting further adjournment of the initial pretrial conference.

WHEREAS, an Order dated September 6, 2023, adjourned the initial pretrial conference to October 4, 2023, and directed Plaintiff to file proof of service by September 8, 2023.

WHEREAS, Plaintiff filed proof of service, and Defendant filed a notice of appearance, but the parties did not file their initial pretrial conference materials.

WHEREAS, an Order dated October 2, 2023, adjourned the October 4, 2023, initial pretrial conference to October 11, 2023, and directed the parties to file their materials by October 4, 2023.

WHEREAS, on October 5, 2023, the parties filed their materials.

WHEREAS, an Order dated October 6, 2023, waived the initial pretrial conference, entered a civil case management plan and scheduling order and referred the case to mediation.

WHEREAS, the Mediator to the Clerk reported that the court-ordered mediation was not held as one or both parties failed, refused to attend or refused to participate in the mediation.

WHEREAS, the civil case management plan and scheduling order dated October 6, 2023, required the parties to file a joint status letter by December 11, 2023.

WHEREAS, the parties did not file the joint status letter.

WHEREAS, an Order dated December 12, 2023, directed the parties to file the letter by December 15, 2023.

WHEREAS, the parties did not file the joint status letter.

WHEREAS, an Order dated December 21, 2023, directed the parties to file the joint status letter by January 4, 2024.  The December 21, 2023, Order stated that if Plaintiff failed to comply, the case will be dismissed for failure to prosecute.

WHEREAS, the parties did not timely file the status letter.  It is hereby

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less

drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

    The first factor, the duration of Plaintiff's failure to comply with court orders, is neutral. "There is no absolute measure by which to determine whether the delay is significant.  Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019).  While the period of non-compliance is shorter than in most cases that are dismissed for failure to prosecute, Plaintiff has failed to comply with the Court's repeated orders to file a simple status letter, after also having failed to comply with the Court's repeated orders to file materials for the initial pretrial conference for several weeks.  Due to Plaintiff's repeated failure to comply with the Court's orders, the case is effectively dormant and cannot proceed without Plaintiff's participation.

    The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal.  On December 21, 2023, the parties again were directed to file a status letter.  This order advised Plaintiff that failure to comply with the order would result in dismissal of the case without prejudice for failure to prosecute.  The Court's order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *Baptiste*, 768 F.3d at 218.

    The third factor, whether Defendant is likely to be prejudiced by further delay in the proceedings, weighs against dismissal.  As stated previously, the delay is not as lengthy as in other cases dismissed for failure to prosecute.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral.  "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."  *Sanchez v. Cnty. of Dutchess*, No. 21 Civ. 2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order).  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."  *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023).  Plaintiff's conduct has required the Court to issue additional orders and adjust its conference calendar repeatedly.  However, because the burden is not "extreme," *Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal.  "A lesser sanction is unlikely to persuade Plaintiff to participate as he has already been informed that his failure to participate may lead to the dismissal of his action, but he has not responded."  *Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: January 8, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE